Milwaukee County, Appellant, vs. Milwaukee Yacht Club, Respondent.

*May 9, September 14—November 6, 1951.*

For the appellant there were briefs by *William J. McCauley,* district attorney, *Oliver L. O'Boyle,* corporation counsel, and *Robert P. Russell,* assistant corporation counsel, attorneys, and *Carl B. Rix* of Milwaukee of counsel, and oral argument by *Mr. O'Boyle* and *Mr. Rix.*

For the respondent there were briefs by *Lines, Spooner & Quarles* and *Quarles, Spence & Quarles,* attorneys, and *Louis Quarles, Maxwell H. Herriott,* and *Edward H. Borgelt* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

BROADFOOT, J. The trial court decided this case solely upon the ground that the plaintiff is estopped to challenge the conditions contained in the warranty deed accepted by it. The court stated the rule as follows:

"A person cannot claim under an instrument without confirming it. He must found his claim on the whole, and cannot adopt that feature or operation which makes in his favor, and at the same time repudiate or contradict another

which is counter or adverse to it." 10 R. C. L., Estoppel, p. 681, sec. 10.

That is a correct statement of the general rule. However, this rule has exceptions and qualifications that modify it. One such qualification is stated as follows:

"In determining whether a deed creates an estoppel, every part of it should be given effect, if this can be done, and if the deed evidences conflicting intentions on its face, the object of the grant being considered, effect should be given to what may appear to be the controlling intention of the grantor. The estoppel will be limited by the intention of the parties." 31 C. J. S., Estoppel, p. 224, sec. 44.

The object of the grant was to transfer all of the real estate administered by the city for park and parkway purposes to the county, pursuant to the referendum. The provision as to the Yacht Club was not a material part of the agreement but was a collateral matter, so far as the arrangement between the city and the county was concerned. The provision is ambiguous, in that it does not describe the property occupied by the Yacht Club, it does not fix the duration of any right of the Yacht Club, nor does it refer to any instrument or agreement by which the Yacht Club obtained any rights. The record discloses that the Yacht Club had at best a revocable license to occupy a tract of land sixty feet square. The members of the city attorney's staff who drafted the deed were reputable and conscientious men. The presumption is that they were doing their duty as city officials and were merely attempting to protect the city against any possible liability under its covenant of warranty contained in the deed. It was not their intention, nor did they have any right, to enlarge any interest the Yacht Club might have, nor to create any new rights in the Yacht Club. It has been held by this court that the words "Reserved Public Square" written upon a block in the recorded plat of a village do not clearly and neces-

sarily show that it is dedicated to general public use and that it may be shown by other evidence that the purpose was to dedicate it to one particular public use. *Daniels v. Wilson,* 27 Wis. 492.

While under the general rule the county might be estopped to deny that the provision as to the Yacht Club is in the deed, it is not estopped to show the real intention of the parties to the deed and to have the same interpreted and construed. Under the circumstances here, where the transaction is between municipalities and where the land has been dedicated to a public use, the plaintiff is entitled to a strict construction of the provision. The city took a very minor part in the proceedings before the trial court, and it failed to file a brief or to make any argument on the appeal. Upon the record before us, the decision and judgment of the trial court must be reversed.

The Yacht Club contends that it has gained title to the premises occupied by it by adverse possession. Its original occupancy of the premises was permissive, and so far as the city and county are concerned it has been permissive ever since. No title by adverse possession can be based upon such occupancy.

The Yacht Club also claims that the land occupied by it was not included in the deed. It calls attention to the fact that on the ballot used in the referendum appeared this language:

"All lands and improvements thereon now administered by the city of Milwaukee, board of park commissioners, for park and parkway purposes only, exclusive of boulevards, streets, and nurseries, . . ."

Also, that the common council of the city of Milwaukee, by resolution, directed the proper officers of the city of Milwaukee "to transfer the ownership to Milwaukee county of all lands and improvements thereon administered by the city of Milwaukee, board of park commissioners, for park and

parkway purposes only, exclusive of boulevards, streets, and nurseries. . . ." The land occupied by the Yacht Club was included in the metes-and-bounds description of the property conveyed. It was part of the land acquired by the city for park purposes, and a reading of the entire deed shows no intention on the part of the city to exclude the Yacht Club site.

Upon the record here, therefore, it appears that the city conveyed to the county the land occupied by the Yacht Club, as well as other lands used for park and parkway purposes; that the deed transferred all of the interests of the city in the property; that the Yacht Club holds a mere license to occupy its present site; and that said license is subject to revocation by appropriate action on the part of the county.

*By the Court.*—Judgment reversed and cause remanded with directions to enter a judgment in conformity with this opinion.